Filed 3/1/23  P. v. Doss CA2/1
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOHN DOSS,<br><br>    Defendant and Appellant. | B300197<br><br>(Los Angeles County Super. Ct. No. TA013552) |

APPEAL from an order of the Superior Court of Los Angeles County, Pat Connolly, Judge.  Reversed and remanded with directions.

Mary Jo Strnad, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant

Attorney General, Steven D. Matthews and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury convicted John Doss for the 1991 murders of Desiree Mayberry and Larry Thomas and we affirmed the convictions on Doss's direct appeal. (*People v. Doss* (May 4, 1995, B076155) [nonpub. opn.] (*Doss I*).) In 2019, Doss petitioned the trial court under Penal Code section 1172.6 (former section 1170.95)[1] for resentencing, alleging that he could not be convicted of first or second degree murder because of changes made to Penal Code sections 188 and 189 that became effective on January 1, 2019.[2] The trial court found that Doss was ineligible for relief as a matter of law because the jury had concluded that Doss acted with reckless indifference to human life and was a major participant in the underlying crimes.

We affirmed the trial court's order in an unpublished opinion. (*People v. Doss* (Dec. 16, 2020, B300197) (*Doss II*).) The Supreme Court granted review and transferred this case back to us with directions to vacate our decision and reconsider the cause in light of *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*) and *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). We vacated our decision. We have reconsidered the cause, and we now reverse the trial court's order with directions to conduct an evidentiary hearing under section 1172.6.

_____

[1] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6 with no change in its text. (Stats. 2022, ch. 58, § 10.)

[2] Further statutory references are to the Penal Code.

## BACKGROUND

In 1993, a jury convicted Doss of two counts of first degree murder (§§ 187, 189), one count of attempted premeditated murder (§§ 664, 187), one count of assault with a firearm (§ 245), and three counts of residential robbery (§§ 211, 212.5). (*Doss I*, *supra*, B076155, at p. 2.) "The jury found true multiple murder and murder during robbery special circumstances . . . and, after a penalty trial, recommended life in prison without parole." (*Ibid.*)

At trial, the jury was instructed that "if a defendant was not an actual killer, or if the jury could not so decide, 'you cannot find the special circumstances to be true as to that defendant, unless you are satisfied beyond a reasonable doubt that such defendant, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted any actor in the commission of the murder during the first degree, or <u>with reckless indifference to human life and as a major participant</u>, aided, abetted, counseled, commanded, induced, solicited, requested or assisted in the commission of the crime of robbery, which resulted in the death of a human being, namely Desiree Mayberry and/or Larry Thomas." (*Doss I*, *supra*, B076155, at p. 3, original emphasis and alterations.)

On February 19, 2019, Doss filed a petition under section 1172.6 alleging that he was entitled to resentencing because he was not the actual killer and that he could not now be convicted of first or second degree murder because of amendments to sections 188 and 189 that became effective on January 1, 2019. On June 24, 2019, the People filed an opposition to Doss's petition for resentencing. At a hearing on June 28, 2019, the trial court denied Doss's petition. In its order denying the petition, the trial court stated: "The petitioner was convicted by jury of

3

multiple counts of murder . . . .  The jury found true the special circumstances allegation of multiple murder . . . as well as the special circumstances of felony murder . . . .  The true finding as to both of the special circumstance allegations renders petitioner's claim pursuant to [section 1172.6] meritless.  Here, the jury was properly instructed and found that petitioner was a major participant in the underlying crimes.  [¶]  The appellate opinion affirming the petitioner's conviction and sentence reflects that the jury was properly instructed regarding the special circumstance allegation and speci[fic]ally rejected claims by petitioner that there was insufficient evidence."

Doss filed a timely notice of appeal.

We affirmed the trial court's order in an unpublished opinion.  (*Doss II*, *supra*, B300197.)  We concluded that our opinion in *People v. Galvan* (2020) 52 Cal.App.5th 1134 (disapproved by *Strong*, *supra*, 13 Cal.5th at p. 718, fn. 3) foreclosed Doss's arguments because we held in *Galvan* that "section [1172.6] is not the correct vehicle" to challenge the jury's special circumstance findings under *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).

Our Supreme Court granted Doss's petition for review and held the case pending decision in *Lewis* and *Strong*.  The Supreme Court decided *Lewis* on July 26, 2021 and *Strong* on August 8, 2022.  On September 28, 2022, the Supreme Court transferred this case back to us with directions to vacate our decision and reconsider the cause in light of *Lewis* and *Strong*.

## DISCUSSION

Under section 1172.6, a defendant "convicted of felony murder" may file a petition to have the murder conviction vacated and "be resentenced on any remaining counts." (§ 1172.6, subd. (a).) A defendant makes a prima facie case for relief under this section if, among other requirements, the defendant "could not presently be convicted of murder" under the amendments to sections 188 or 189 that became effective on January 1, 2019. (§ 1172.6, subd. (a)(3).) These statutes, as amended, still authorize a murder conviction under the felony murder doctrine if the defendant "was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e)(3).) Thus, if these facts can be established as a matter of law based on the record of the defendant's conviction, the court may determine that the defendant has failed to make a prima facie case for relief and deny the defendant's petition without an evidentiary hearing. (*Lewis, supra*, 11 Cal.5th at p. 971.)

In *Strong, supra*, 13 Cal.5th 698, as in the instant case, the defendant's jury found true the special circumstance that he was a "major participant" who acted with "reckless indifference to human life." (*Id.* at p. 703.) There, as here, the jury's finding was made before the Supreme Court's decisions in *Banks* and *Clark*, "which for the first time provided substantial guidance on the meaning of the two relevant statutory phrases." (*Strong, supra*, 13 Cal.5th at p. 703.)

In *Strong*, the trial court had summarily denied the defendant's petition under section 1172.6 on the ground that the jury's pre-*Banks* and pre-*Clark* finding was binding. The Supreme Court reversed, and explained that *Banks* and *Clark*

5

"substantially clarified the law governing findings under . . . section 190.2, subdivision (d): *Banks* elucidated what it means to be a major participant and, to a lesser extent, what it means to act with reckless indifference to human life, while *Clark* further refined the reckless indifference inquiry." (*Strong*, *supra*, 13 Cal.5th at pp. 706-707.) As a result, facts that would support a jury finding that a defendant was a major participant or had acted with reckless disregard for life before *Banks* and *Clark* would not necessarily be sufficient to support the same finding after *Banks* and *Clark*. Thus, "unless a defendant was tried after *Banks* was decided, a major participant finding will not defeat an otherwise valid prima facie case. And unless a defendant was tried after *Clark* was decided, a reckless indifference to human life finding will not defeat an otherwise valid prima facie case." (*Id*. at p. 721.)

In sum, after *Strong*, a jury's finding that a defendant was a major participant in a felony and acted with reckless indifference to human life made before *Banks* and *Clark* does not support a summary denial of a section 1172.6 petition. In their pre-*Strong* briefs in this court, the People argued that any error would be harmless because, they contended, the *Banks* and *Clark* analysis is purely legal. The Supreme Court also rejected this argument in *Strong*. "Although the mandatory instructions did not change in the wake of *Banks* and *Clark*," the Supreme Court said, "much else about the trial environment did. For one, the arguments available to counsel changed significantly after [the Supreme Court] offered a range of guiding factors and made clear that simple participation in, e.g., a 'garden-variety armed robbery' was not sufficient, without more, to establish the truth of the felony-murder special circumstances. [Citation.] The newly

6

articulated guiding factors might also have altered what evidence defense counsel would have sought to introduce.  And more broadly, the clarifications *Banks* and *Clark* offered about the height of the bar needed to prove a felony-murder special-circumstance finding might have fundamentally altered trial strategies, causing some defendants to focus on proving they were guilty at most of a noncapital homicide once *Banks* and *Clark* created more daylight between the proof required to convict of murder and the proof required to convict of special circumstance murder.  As for instructions, after *Banks* and *Clark*, defense counsel could have asked that optional additional instruction on the *Banks* and *Clark* factors be given to guide the jury in its deliberations . . ., with the possibility that different outcomes might have resulted.  [¶]  An after-the-fact court review of a pre-*Banks* and *Clark* record does not account for all these differences.  The prior findings were made to a beyond-a-reasonable-doubt degree of certainty, but under outdated legal standards.  The Attorney General's proposed review would apply the correct legal standards, but would not involve a determination beyond a reasonable doubt that they were met.  *Indeed, it could not; such a determination would entail factfinding prohibited at the prima facie stage.*" (*Strong, supra,* 13 Cal.5th at pp. 719-720, italics added.)  Consequently, the People's pre-*Strong* harmless error contentions are no longer viable after *Strong*.

Unless there is some other reason for concluding that the defendant failed to make a prima facie showing for relief, the court must hold an evidentiary hearing on the petition.

Here, the trial court's reason for denying Doss's petition is that the jury had found that he was a major participant in the

underlying felony and acted with reckless indifference to human life.  These findings were made prior to *Banks* and *Clark*.  We therefore agree with Doss that the matter should be remanded for the trial court to issue an order to show cause and conduct an evidentiary hearing pursuant to section 1172.6, subdivision (d)(3).

## DISPOSITION

The trial court's order denying Doss's petition for resentencing is reversed.  On remand, the trial court will issue an order to show cause and conduct an evidentiary hearing under section 1172.6, subdivision (d).

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

BENDIX, Acting P. J.

WEINGART, J.

8